**In re SUNRIDGE ASSOCIATES, a California Limited Partnership, Debtor.**

**Bankruptcy No. 96–15941–B–11F.**

United States Bankruptcy Court, E.D. California, Fresno Division.

Nov. 15, 1996.

Michael L. Wilhelm, McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, Fresno, CA, for debtor.

Kenneth D. Passon, Suchman, Galfin & Passon, Irvine, CA, for Beal Bank.

Kendall O. Bates, Fresno, CA.

**ORDER DENYING DEBTOR'S APPLICATION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO F.R.B.P. 2004**

BRETT J. DORIAN, Bankruptcy Judge.

Debtor Sunridge Associates has applied for an order requiring Beal Bank to produce

documents for inspection and copying pursuant to Rule [1] 2004. The application makes reference to "Beal Bank out of Texas" and seeks to obtain relevant appraisal information alleged to be in the possession of Beal Bank. Nothing in the application other than the noted reference to "Texas" sets forth the address of Beal Bank.

While production of documents in connection with an adversary proceeding or a contested matter can be compelled under Rule 7034 as to a party or Rule 9016 as to a non-party, nothing in Rule 2004 authorizes a party to require production of documents unless such production is in connection with and at the same time as the examination of the subject entity. The initial paragraph of the rule limits the scope of the rule to "examination." The only reference in Rule 2004 to production of documents is in subparagraph (c) which provides: "The attendance of an entity for examination and the production of documentary evidence may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial." Clearly, and notably, the quoted language does not state " . . . for examination and/or the production of documents . . . "

Rule 2004 is broad and far-reaching. There need be no pending dispute with defined issues to narrow the scope of the inquiry it permits. The discovery rules available in adversary proceedings and in contested matters are more restrictive in scope with respect to requirements of relevance and to protections available to the party required to comply.

It is further noted that the application seeks to have the documents produced at a location in Fresno, California. As it appears that the party against whom the order and related subpoena are to issue is in Texas, the proposed location for production would appear improper under Rule 9016(b)(2) as beyond the reach of a subpoena issued by this court.

---

1. The word "Rule" here and throughout this order refers to the Federal Rules of Bankruptcy Procedure.

IT IS THEREFORE ORDERED that the application is denied.